IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MAPP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs ) | Civil Action No. 2:22-718 |
| ) | |
| ) | Magistrate Judge Dodge |
| WESTMORELAND COUNTY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff James Mapp ("Mapp") brings this breach of contract action against Defendant Westmoreland County, alleging that the County violated a confidentiality provision in a settlement agreement that documented the resolution of a prior dispute between the parties. Mapp seeks liquidated damages pursuant to a provision in this agreement.

Currently pending before the Court is a motion to dismiss filed by Westmoreland County. For the reasons that follow, the motion will be denied.

**I.  Procedural History**

Mapp commenced this action in May 2022. Diversity of citizenship jurisdiction is asserted based on Mapp's allegations that he is a citizen of New Mexico, Westmoreland County is a citizen of Pennsylvania and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000. 28 U.S.C. § 1332(a)(1). (Compl. ¶¶ 1-3.) The Complaint alleges a single count of breach of contract under Pennsylvania law.

On June 1, 2022, the County filed a motion to dismiss (ECF No. 5), which has been fully briefed (ECF Nos. 6, 10).

II.     **Relevant Factual Background**

In February 2022, Mapp and Westmoreland County resolved a lawsuit that had been commenced by Mapp against the County.[1] The settlement was later memorialized in a written document (the "Agreement"). Mapp signed the Agreement, but it did not include signature lines for the County or the other defendants. Mapp asserts that the Agreement was drafted solely by Westmoreland County's legal counsel. (Compl. ¶¶ 5-7, ECF No. 1.)

The Agreement includes the following language: "[t]he parties, their families, and their attorneys, …shall make no press release, public announcement, or any other written or oral disclosure of any nature relating to this Agreement to any person or entity not a party…, unless required by a court of competent jurisdiction or other applicable state, federal or disclosure laws." It further states that: "[a] separate cause of action for breach of confidentiality is contemplated by any breach of this agreement and the minimal damages for such a breach is the settlement amount stated herein." The Agreement contained a liquidated damages clause, in the minimum amount of one hundred fifty thousand dollars ($150,000.00), for breach of the confidentiality requirements. (*Id.* ¶¶ 8-10.)

According to the Complaint, on or about February 18, 2022, the Westmoreland County Solicitor made a public statement, which was then reported in the online version of the Pittsburgh Tribune Review. The Pittsburgh Tribune Review reported that: "Solicitor Melissa Guiddy said the county did not admit liability for Mapp's injuries as part of the [Agreement]." (*Id.* ¶¶ 11-12.) Mapp alleges that this statement violated the confidentiality clause of the Agreement and seeks liquidated damages of $150,000.00. (*Id.* ¶ 13.)

---

[1] While not specifically alleged by Mapp in the Complaint, the parties settled a civil rights lawsuit brought by Mapp in 2020 that was before the undersigned. *See Mapp v. Westmoreland County*, Civ. A. No. 20-978.

2

**III.    Discussion**

    A. <u>Standards of Review</u>

Dismissal for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1). "The party invoking federal jurisdiction bears the burden of establishing" that jurisdiction exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Thus, Mapp has the burden of establishing that jurisdiction exists in this case.

The first issue a court must decide in reviewing a Rule 12(b)(1) motion is whether the challenge to the court's subject matter jurisdiction is a facial or factual attack. "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents attached thereto, in the light most favorable to the plaintiff. In reviewing a factual attack, the court may consider evidence outside the pleadings." *Gould Elec., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (footnote and citations omitted). "Facial attacks ... contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." *Turicentro, S.A. v. American Airlines, Inc.*, 303 F.3d 293, 300 n.4 (3d Cir. 2002) (citation omitted). The County's challenge to the Court's subject matter jurisdiction does not refer to evidence outside the pleadings and thus constitutes a facial attack.

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "This requires a plaintiff to plead "sufficient factual matter to show that the claim is facially plausible," thus enabling "the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* (quoting *Fowler v. UPMC Shadyside*, 578 F.3d

203, 210 (3d Cir. 2009)). While the complaint "does not need detailed factual allegations ... a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As noted by the Court of Appeals for the Third Circuit in *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011), a 12(b)(6) inquiry includes identifying the elements of a claim, disregarding any allegations that are no more than conclusions and then reviewing the well-pleaded allegations of the complaint to evaluate whether the elements of the claim are sufficiently alleged.

Westmoreland County argues that the Court lacks subject matter jurisdiction over this case. Alternatively, it contends that Mapp has failed to state a claim upon which relief could be granted. Both issues will be addressed below.

B. Subject Matter Jurisdiction

While Mapp predicates subject matter jurisdiction on diversity of citizenship, Westmoreland County inexplicably analyzes the Complaint as though it is based on federal question jurisdiction and then proceeds to argue why it does not apply in this case. In a footnote, however, the County asserts the following:

> Westmoreland County notes that the Court does not have jurisdiction under theory of diversity of citizenship. Although he lives in New Mexico, for the reasons stated in Sections III and IV of this brief, Mapp cannot establish that he sustained more than $75,000 in actual damages. 28 U.S. Code § 1332. The Complaint relies entirely on the theory that Mapp is entitled to $150,000 as a default penalty for breach of the confidentiality provision in the Settlement Agreement that is contrary to public policy and unenforceable, and there are no allegations in the Complaint alleging that Mapp sustained any amount of actual damages.

(ECF No. 6 at [5] n.3.)

4

As Mapp observes, Westmoreland County cites no authority for its argument that he must "establish" that the amount in controversy exceeds the sum of $75,000. Indeed, as the party invoking diversity jurisdiction, his burden "is not especially onerous." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016). In general, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

> Accordingly, the question whether a plaintiff's claims pass the "legal certainty" standard is a threshold matter that should involve the court in only minimal scrutiny of the plaintiff's claims. The court should not consider in its jurisdictional inquiry the legal sufficiency of those claims or whether the legal theory advanced by the plaintiffs is probably unsound; rather, a court can dismiss the case only if there is a legal certainty that the plaintiff cannot recover more than [the jurisdictional amount].

*Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997).

Here, based on the terms of the Agreement, Mapp claims liquidated damages in the amount of $150,000, which is twice the amount required in diversity cases. Westmoreland County offers no basis for concluding that the amount in controversy was not alleged in good faith. Moreover, a court may only dismiss a Complaint for failure to allege the requisite amount if it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *Auto Owners*, 835 F.3d at 395 (quoting *Red Cab*, 303 U.S. at 288-89). *See also In re LifeUSA Holding Inc.*, 242 F.3d 136, 143 (3d Cir. 2001).

Westmoreland County argues that the liquidated damages provisions in the Agreement is unenforceable as a matter of law.[2] However, "the assessment of a liquidated damages clause is a fact-specific inquiry." *Eureka Res., LLC v. Howden Roots LLC*, 553 F. Supp. 3d 233, 245 (M.D.

---

[2] As explained below, Westmoreland County contends that the liquidated damages provision constitutes a penalty rather than an assessment of damages, but that issue cannot be resolved at this stage of the pleadings.

Pa. 2021) (citation omitted). Because a factual determination is inappropriate at the motion to dismiss stage, it cannot be concluded that the amount in controversy in this case is less than the jurisdictional amount. Therefore, Westmoreland County's motion to dismiss based on lack of subject matter jurisdiction will be denied.

C. <u>Enforceability of Liquidated Damages Provision</u>

Westmoreland County also contends that the liquidated damages provision is unenforceable because it represents a penalty. The Pennsylvania Supreme Court has stated that:

> Liquidated damages is a term of art originally derived from contract law; it denotes "'the sum a party to a contract agrees to pay if he breaks some promise, and which, having been arrived at by a good faith effort to estimate in advance the actual damage that will probably ensue from the breach, is legally recoverable ... if the breach occurs.'" *In re Plywood Co. of Pa.*, 425 F.2d 151, 154 (3d Cir. 1970) (quoting *Westmount Country Club v. Kameny*, 82 N.J. Super. 200, 197 A.2d 379, 382 (1964)). A penalty, by contrast, is fixed, "not as a pre-estimate of probable actual damages, but as a punishment, the threat of which is designed to prevent the breach." *Westmount Country Club*, 197 A.2d at 382 (citing McCormick, DAMAGES § 146, pp. 599-600). Thus, contracting parties may provide for pre-determined liquidated damages in the event one party fails to perform, particularly in circumstances where actual damages would be difficult to estimate in advance or to prove after a breach occurs. *See Commonwealth v. Musser Forests, Inc.*, 394 Pa. 205, 213, 146 A.2d 714, 718 (1958); *Kelso v. Reid*, 145 Pa. 606, 611, 23 A. 323 (1892); RESTATEMENT (SECOND) OF CONTRACTS, § 356(1) ("Damages for breach by either party may be liquidated in the agreement but only at an amount that is reasonable in the light of the anticipated or actual loss caused by the breach and the difficulties of proof of loss[;][a] term fixing unreasonably large liquidated damages is unenforceable on grounds of public policy as a penalty."). *See generally Geisinger Clinic v. Di Cuccio*, 414 Pa.Super. 85, 99, 606 A.2d 509, 516 (1992) (listing criteria to differentiate liquidated damages from penalties).

*Pantuso Motors, Inc. v. Corestates Bank, N.A.*, 798 A.2d 1277, 1282 (Pa. 2002).

Under Pennsylvania law, liquidated damages clauses generally are enforceable. *Omercron Sys. v. Weiner*, 860 A.2d 554, 565 (Pa. Super. 2004). This is particularly true "in circumstances where actual damages would be difficult to estimate in advance or to prove after a breach occurs." *Pantuso Motors*, 798 A.2d at 1282. *See Strohl Sys. Grp., Inc. v. Fallon*, 2006

6

WL 2828997, at *6 (E.D. Pa. Sept. 29, 2006), *aff'd*, 372 F. App'x 230 (3d Cir. 2010). A breach of a confidentiality clause has been recognized as a circumstance in which damages would be difficult to estimate or prove. *See, e.g., Baella-Silva v. Hulsey*, 454 F.3d 5, 12 (1st Cir. 2006) (district court did not abuse its discretion in assessing $50,000 in liquidated damages when "the parties had agreed that this would be the proper sanction for a breach of the confidentiality clause."). "The party asserting that the liquidated damages provision is unreasonable bears the burden of proof." *Benson v. Budget Rent a Car Sys.*, 2011 WL 4528334, at *5 (E.D. Pa. Sep. 29, 2011) (footnote omitted).

Courts have held that "the question whether a stipulated sum stipulated in a written contract is a penalty or liquidated damages is a question for the court, to be determined by the intention of the parties, examined in the light of its subject-matter and its surroundings." *Meyer-Chatfield v. Century Business Serv., Inc.*, 732 F. Supp. 2d 514, 523 (E.D. Pa. 2010) (quoting *Laughlin v. Baltalden, Inc.*, 159 A.2d 26, 29 (Pa. Super. 1960)). *See Holt's Cigar Co. v. 222 Liberty Assocs.*, 591 A.2d 743, 748 (Pa. Super. 1991). Given the issues that must be determined as part of this inquiry, however, the resolution of this question is frequently beyond the scope of a motion to dismiss. *See CDL Nuclear Techs., Inc. v. Five Towns Heart Imaging Med., PC,* 2021 WL 322294, at *3 (W.D. Pa. Feb. 1, 2021) (arguments about enforceability of liquidated damages provision "are not pure questions of law that the Court can resolve at this juncture.")[3]

Here, Westmoreland County is proceeding on a motion to dismiss. Thus, there has not been any discovery with respect to the intention of the parties in light of the surrounding circumstances, whether the statement at issue was a breach of the terms of the Settlement

---

[3] In support of its position, Westmoreland County cites cases that were decided in conjunction with motions for summary judgment or after trial, not on a motion to dismiss. *See Wayne Knorr, Inc. v. Dep't of Transp.*, 973 A.2d 1061 (Pa. Commw. 2009); *Hanrahan v. Audubon Builders, Inc.*, 614 A.2d 748 (Pa. Super. 1992); *Laughlin v. Baltalden, Inc.*, 159 A.2d 26 (Pa. Super. 1960).

Agreement, the extent of harm, if any, caused by the alleged breach of the confidentiality provisions, and the difficulty of measuring damages.[4] Thus, this issue cannot be resolved at this stage of the proceedings.

   D. <u>Enforceability of Confidentiality Provision</u>

Finally, Westmoreland County argues that the confidentiality provision of the Agreement is unenforceable as against public policy. Specifically, it contends that a public entity may not preclude the public from learning about a settlement agreement pursuant to Pennsylvania's Right to Know Law (RTKL). In response, Mapp notes that the Settlement Agreement includes an exception for disclosures required by law, which is not relevant here.

In a case cited by Westmoreland County, the Pennsylvania Commonwealth Court stated that:

> Under the RTKL, government agencies, as a general rule, are required to make public records accessible for inspection and duplication by any Commonwealth resident that makes a RTKL request. 65 P.S. §§ 66.1, 66.2(a). Where, as here, a settlement agreement fixes the personal or property rights of the parties or calls for the payment of money involving the disbursement of public funds, it is subject to disclosure under the RTKL.

*Newspaper Holdings, Inc. v. New Castle Area Sch. Dist.*, 911 A.2d 644, 648 (Pa. Commw. 2006) (citations omitted).

As Mapp notes, however, this holding is not relevant to the facts of this case. While the Agreement includes a clause that allowed for disclosure of information about the settlement as "required by a court of competent jurisdiction or other applicable state, federal or disclosure laws," the alleged disclosure in this case did not occur in this manner. Rather, the Westmoreland

---

[4] *See, e.g., Belnick, Inc. v. TBB Global Logistics, Inc.*, 106 F. Supp. 3d 551 (M.D. Pa. 2015), in which the court, on cross-motions for summary judgment, held that it was not convinced that the method of calculating liquidated damages in the contract at issue was factually related to the damages caused by a breach of confidentiality, and therefore ordered further proceedings to resolve that issue. *Id.* at 569-70.

County Solicitor made a public statement which was then reported by the Tribune-Review.

Moreover, the Commonwealth Court did not hold that a promise of confidentiality in an agreement with the government in and of itself violates public policy. Rather, the court stated that "a confidentiality clause contained in a settlement agreement that runs afoul of the RTKL violates public policy and is unenforceable." *Id.* at 649 n.11. *See also Tribune-Review Pub. Co. v. Westmoreland Cnty. Hous. Auth.*, 833 A.2d 112, 120 (Pa. 2003) ("the confidentiality clause contained in this agreement is void as against public policy to the extent that it conflicts with the text and purpose of the Act.") In *Newspaper Holdings*, a school district refused to produce a settlement agreement to the media under the RTKL and the court held that the district's denial of the media's request was not reasonable.

In this case, the confidentiality provision of the Agreement is not contrary to public policy because it contained an exception for disclosures required by law. The fact that the Agreement is subject to disclosure pursuant to the RTKL is not dispositive of Mapp's breach of contract claim at this juncture given that insufficient facts have been developed concerning the nature and circumstances of the Solicitor's alleged statement.

### IV. Conclusion

For these reasons, the motion to dismiss filed by Westmoreland County will be denied. An appropriate order will be entered.

Dated: July 25, 2022

s/ Patricia L Dodge
Patricia L. Dodge
United States Magistrate Judge